GREER v. CATLIN & CO.

(Circuit Court of Appeals, Third Circuit. July 23, 1909.)

No. 24.

APPEAL AND ERROR (§ 215*)—REVIEW—INSTRUCTIONS.

A judgment will not be reversed because of a statement of the issues by the court in its charge, expressly made subject to correction by counsel if erroneous, and to which no objection was made or exception taken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1309; Dec. Dig. § 215.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

George Douglas Hay, B. Gordon Bromley, and Abraham M. Beitler, for plaintiff in error.

R. Stuart Smith and Charles E. Morgan, for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and BRADFORD, District Judge.

BUFFINGTON, Circuit Judge. In the court below Catlin & Co., herein styled "plaintiffs," recovered a verdict against Greer, herein called "defendant," for breach of contracts between them. Judgment having been entered on the verdict, defendant sued out this writ and assigned for error that portion of the charge to the jury which reads:

"If the contract was canceled as the defendant avers, he would still be liable for the yarn that he agreed to take afterwards by new agreement made in November, namely 60 warps, of which he has paid for 24, leaving unpaid for the balance of the 60."

The case involves the simple question whether the court fairly left to the jury the question whether the contract of November, 1906, as modified by agreement of June, 1907, was canceled. The verdict established that it was not canceled. Hence whether the court's instructions as to the rights of the parties, in case it was canceled, involved error, becomes immaterial. The complaint made is that the charge wrongfully limited the jury on the question of cancellation to what happened on August 27, 1907. In that connection we remark that, if the court did so, it simply followed the contention the defendant had himself made in the case, for, while the affidavit of defense is not in evidence, it serves to show the theory on which the defendant presented the case. Under oath the defendant therein averred:

"That on or about August 27, 1907, defendant, by reason of plaintiffs' breach of agreement, was compelled to and did notify plaintiffs, through Corvin, who was the authorized agent or representative of plaintiffs, and with whom the said contract or agreement was made, that defendant rescinded his said agreement, and that said Corvin and defendant then and there canceled the same, and it was and thereby became annulled."

It is now contended there was further proof from which another and later cancellation than August could have been found. In its charge the court said:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"The controversy is entirely with regard to the larger contract. Now, as I understand the defendant's position with regard to that, he concedes—I so understand the opening of defendant's counsel—that he is responsible for failing to comply with this contract of taking and paying for the yarn which is involved in the modification of June 29th, unless the jury should find from the evidence that the contract was canceled at the time that is referred to by one of the defendant's witnesses. That I understand to be his position. If not, I should be very glad to be corrected now."

If, as contended, this language referred to the August cancellation and limited the jury to that time, the court's attention should have been called thereto; but no exception was taken to this language or response made to the invitation of the court. Indeed, the proofs disclose no other cancellation, and if they did it would be unjust for this court to now reverse as error on review language which was acquiesced in on the trial.

Finding no error, the judgment is affirmed.